*E-Filed 07/12/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MSGI SECURITY SOLUTIONS, INC.,

    Plaintiff,

  v.

HYUNDAI SYSCOMM CORPORATION, et al.,

    Defendants.

No. C 09-03330 RS

**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS**

## I. INTRODUCTION

In this motion to dismiss defendants accuse plaintiff, and its counsel, of "sharp practice" in pleading claims that they contend are not viable. Invective aside, defendants have effectively admitted that plaintiff has a viable complaint, as this motion only challenges four of the ten claims for relief pleaded in the First Amended Complaint. For the reasons explained below, the motion will be granted in part and denied in part.

## II. BACKGROUND

This motion follows a prior set of motions to dismiss that were granted in part, with leave to amend. As previously described, plaintiff MSGI Security Solutions, Inc. alleges it entered into a set

1  of complex business transactions with defendants, believing it was doing business with subsidiaries
2  of the international business conglomerate based in Korea formerly known as Hyundai, and now
3  known as Hynix. MSGI contends the transactions were permeated with fraud, and that it lost
4  millions of dollars as a result. Defendants now move to dismiss some, but not all, of the claims for
5  relief, and also challenge the sufficiency of the "alter ego" allegations in the complaint.[1] The basic
6  facts as alleged are not substantially different from those described in the previous order, and will
7  not be recounted here. The prior motions to dismiss were granted in large part because plaintiff had
8  failed to specify which defendants had committed which acts. As the present motion to dismiss
9  impliedly concedes, that is no longer an issue—the First Amended Complaint is clear as to the role
10 of each defendant in the alleged wrongdoing. Defendants contend, however, that plaintiff has failed
11 to allege sufficient facts to state (1) any alter ego claim, (2) any securities fraud claim, (3) any
12 breach of contract claim, or (4) any conversion claim.

### III. LEGAL STANDARDS

The prior order observed that a dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Plaintiff argues that a complaint may not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Opposition at 15:8-10, citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Supreme Court, however, has rejected that formulation of the test. *See Bell Atl. v. Twombly,* 550 U.S. 544, 555, (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

---

[1] Defense counsel previously appeared on behalf of the Korean corporate defendants. This motion, however, is brought only on behalf of the domestic corporations and individuals. It is not clear why defendants contend that the entire action should be dismissed with prejudice, given that they only challenge some of the claims for relief.

claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, *supra*, 129 S.Ct. at 1949 (quoting *Twombly*, *supra*, 550 U.S. at 556).

## IV.  DISCUSSION

A.  <u>Alter ego</u>

Defendants first contend that MSGI has failed to allege sufficient facts to support its claim that the corporate veil should be pierced such that it can hold the individual defendants liable for acts undertaken in the name of the entities. It is not immediately clear that this argument is even properly before the Court, because, as MSGI points out, this motion was filed on behalf of the corporate defendants, not the individuals.  Placing substance over form, however, even assuming the individual defendants have properly raised this issue, the alter ego allegations are sufficient. Defendants' argument is, in essence, that MSGI should be required to plead additional factual detail showing that the individuals "comingled funds" with the entities and/or that they have a "unity of interest" with them.  The parties are in agreement that "conclusory" allegations do not suffice.  The gravamen of the complaint here, however, is that the individual defendants used a series of shell entities to separate MSGI from its money.  While defendants may be correct that MSGI's allegations in part imply that some of them may be separate entities maintaining appropriate corporate formalities, there is no basis at the pleading stage to foreclose the alter ego claims. Accordingly, the motion to dismiss those claims is denied.

B.  <u>Rule 10(b)</u>

As described in the prior order, MSGI contends it contracted with defendant Hyundai Syscomm, Corporation ("HSC") to sell 865,000 shares of its stock to HSC in exchange for certain licensing rights and the sum of $500,000.  At HSC's direction, MSGI issued the stock certificate not to HSC, but to a company called Anyuser, Inc., which was represented to be one of HSC's "affiliated companies." MSGI alleges it has since learned that HSC arranged for the stock to be

3

transferred to Anyuser, Inc. because it was deeply in debt to Anyuser.  HSC paid an initial $200,000 under the stock agreement, but withheld the balance.  MSGI argues it was thereby defrauded into selling its stock to defendants "in exchange for worthless contracts."

Defendants now argue that MSGI has failed to state a securities law violation because it has not suggested that they made any misrepresentation as to the value of MSGI's stock.  Defendants do *not* argue that plaintiff has failed to allege fraudulent statements or scienter with sufficient specificity.  Rather, defendants rely on the obvious fact that MSGI was in the best position to know its own value.  In response, MSGI points out that Rule 10(b) prohibits any false statement "*in connection with*" the purchase or sale of securities.  Defendants' cursory response to this point is only that MSGI supposedly made *more* money by selling its stock at a price inflated by defendants' misrepresentations.

Defendants have failed to respond substantively to the argument that but for their alleged misrepresentations, MSGI would not have sold its stock.  Accordingly, MSGI has sufficiently pleaded misrepresentations by defendants "in connection with" the sale of stock, and the motion to dismiss the third claim for relief is therefore denied.

C. Breach of contract

The sixth "cause of action" in the First Amended Complaint alleges that defendants breached (1) a license agreement between MSGI and HSC; (2) a subcontracting agreement between the same parties; and (3) a "distribution agreement and purchase order" between MSGI and defendant Apro Media Corp.

Defendants contend the allegations of breach of the license agreement are insufficient because review of that contract would show that MSGI, not HSC, had the obligation thereunder to provide technology and products.[2]  MSGI argues that HSC was required by the license agreement to

---

[2] Defendants correctly argue that it would be appropriate for the Court to consider the terms of that contract, whether or not it was attached to the complaint.  They did not, however, provide a copy of it until they filed their reply brief.  Even assuming the document is properly before the Court, it does not call for a different result.

4

develop source code for MSGI products, which it never did.  While it is not clear that the license agreement imposed any *obligation* on HSC to develop code, as opposed to giving it a *right* to do so, this is an issue that cannot be resolved at the pleading stage.

Defendants' attack on the claims for breach of the subcontract agreement conclusorily asserts they had no duty to provide MSGI with subcontracts, and that this action is time-barred by a contractual provision requiring actions to be brought within twelve months.  Even assuming, however, that defendants had no specific contractual duty to provide MSGI with any particular number of subcontracts, MSGI may still pursue a claim that defendants breached the contract by failing to make good faith efforts to provide those contracts.  Defendants argue that because the complaint alleges HSC offered MSGI *one* subcontract with Honeywell, it satisfied any contractual obligation it may have had.  This, however, is a factual issue also not suitable for resolution on a motion to dismiss.  Similarly, defendants' underdeveloped argument that the claim for breach of the subcontracting agreement is time-barred is rejected, without prejudice to renewal at summary judgment or at trial.

As to the distribution agreement and purchase order, defendants do not appear to contend that the complaint fails to state a claim for breach by defendant Apro Media Corp.  Rather, defendants contend the complaint should be dismissed to the extent that it seeks to hold other defendants liable for Apro's alleged breach.  As discussed above, the complaint sufficiently alleges alter-ego liability to permit the individual defendants to be held to account for the corporate obligations, should plaintiff ultimately prove its claims.

MSGI further argues that it has alleged defendant Hirsch Capital would "guarantee and pay the outstanding invoices" under the distribution agreement and purchase order and that it is therefore liable as a guarantor.  As defendants point out, however, a guarantee agreement is subject to the statute of frauds.  *See* Cal. Civ. Code § 1624(a)(2)  ("The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent . . . A special promise to answer for the debt, default, or

5

miscarriage of another.")   Thus, while it does not change the fact that complaint states a claim, MSGI's argument that Hirsch Capital can be held liable as a guarantor appears not to be tenable. The motion to dismiss the breach of contract claims is therefore denied, except to the extent MSGI seeks to hold Hirsch Capital liable as a guarantor.

D.  Conversion

MSGI alleges two acts of "conversion" by defendants.  First, MSGI contends that the $5.5 million it paid to defendants under the parties' contracts was converted.  Second, MSGI alleges that it was conversion for defendant AMC to stop payment on a $3.8 million dollar check after MSGI had verified that it was drawn on sufficient funds and deposited it in its bank account.  Although the point is more technical than substantive, defendants are correct that MSGI has not pleaded a viable claim for conversion.   The $5.5 million it paid to defendants may be recovered, if at all, as damages for breach of contract or fraud. The $3.8 million dollar check was never paid, and therefore did not represent property that was ever in MSGI's possession.  Accordingly, the motion to dismiss is granted as to the seventh claim for relief.[3]

E.  Dishonored Check

Defendants explicitly concede that the ninth claim for relief, for money due on a dishonored check, is sufficiently stated as to defendant Apro Media Corp.  They argue only that individual defendant Benjamin Garst, who signed the check, is not personally liable.  Again, it is not clear that this motion was brought on behalf of any of the individual defendants, but assuming it was, the alter-ego allegations are sufficient to state a claim.  Whether or not defendant Garst ultimately has personal liability for the dishonored check is a question for another day.

---

[3]  MSGI contends that it should be given leave to amend to the extent this motion is granted. Because dismissal of the seventh claim for relief does not materially alter the scope of this action and because this is a second round of pleading, leave to amend is not warranted.

## V. CONCLUSION

The motion to dismiss is granted with respect to the seventh claim for relief alleging conversion, and to the extent that the First Amended Complaint seeks to hold defendant Hirsch Capital as a guarantor of the obligations of defendant Apro Media Corp. The motion to dismiss is otherwise denied.

IT IS SO ORDERED.

Dated: 07/09/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE